## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATRICK CALLEN & SANDRA CALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| and SARA SYEDA, M.D., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
## (FEDERAL TORT CLAIMS ACT)

NOW COMES the Plaintiffs, Patrick Callen and Sandra Callen, by and through their attorneys, Loizzi Law Offices, LLC, and complaining of the Defendants, The United States of America, and Sara Syeda, M.D., states as follows:

### JURISDICTION AND VENUE

1. This is a medical malpractice case involving the negligent failure to diagnose and treat Plaintiff's, Patrick Callen, prostatic adenocarcinoma.

2. This Federal District Court has federal question jurisdiction of this cause. This action arises under the Federal Tort Claims Act (FTCA), Sections 2671 *et seq*. of Title 28 of the United States Code (28 U.S.C. Sections 2671-2680). This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code (28 USC Section 1346(b)).

3. Venue is proper under Title 28 of the United States Code (28 U.S.C. Section 1391). This action properly lies in the Eastern Division of the Northern District of Illinois as the claim arose out of an incidence that occurred in this jurisdictional district.

4. Pursuant to Title 28 of the United States Code (28 U.S.C. Section 2401(b)), Plaintiffs properly filed a FTCA claim for Plaintiff's, Patrick Callen, damages and injuries with the United States Department of Veterans Affairs on October 28, 2016. The Standard Form 95 was timely filed with the Veteran's Administration. The United States Department of Veterans Affairs denied Plaintiffs claim on October 19, 2017. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

5. The Defendant may be served with process pursuant to Fed.R.Civ.P. 4(i).

## PARTIES

1. Plaintiff, Patrick Callen, is a citizen of the United States of America, domiciled in the State of Illinois, residing in the County of Lake.

2. Plaintiff, Sandra Callen, is a citizen of the United States of America, domiciled in the State of Illinois, residing in the County of Lake.

3. The Defendant is the United States of America. The United States Department of Veterans Affairs is an agency of the United States. The United States of America, through its agency, the United States Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the health care facilities known as Captain James A. Lovell Federal Health Care Center located in North Chicago, Lake County, State of Illinois, and Edward Hines Jr. Veteran's Administration Hospital located in Hines, Cook County, State of Illinois, which is within the Northern District of the State of Illinois. The acts or omissions complained of herein occurred in Captain James A. Lovell Federal Health Care Center and Edward Hines Jr. Veteran's Administration Hospital.

4. The Defendant, Sara Syeda, M.D., provided medical and health care services

2

provided to Plaintiff, Patrick Callen, at Captain James A. Lovell Federal Health Care Center and Edward Hines Jr. Veteran's Administration Hospital.

5. Defendant, Sara Syeda, M.D., and all other persons involved in the medical and health care treatment of Plaintiff, Patrick Callen, were agents, servants and/or employees of the United States Department of Veterans Affairs, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of employment.

## FACTS

1. This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiffs as a result of the negligent failure to diagnose and treat Plaintiff's, Patrick Callen, prostatic adenocarcinoma.

2. This claim concerns the substandard medical and hospital care provided by agents, servants and employees of the United States government at Captain James A. Lovell Federal Health Care Center and Edward Hines Jr. Veteran's Administration Hospital.

3. On or about March 21, 2008, Plaintiff, Patrick Callen, was a patient at Veterans Administration, specifically the Captain James A. Lovell Federal Health Care Center, located at 3001 Green Bay Road, North Chicago, Lake County, Illinois.

4. On or about October 31, 2008, Plaintiff, Patrick Cullen, came under the care of Defendant, Sara Syeda, M.D., at Captain James A. Lovell Federal Health Care Center.

5. Between March 16, 2009 and March 16, 2016, the physicians at Captain James A. Lovell Federal Health Care Center, including Sara Syeda, M.D., ordered periodic PSA tests to screen for prostate cancer.

6. The normal range for PSA tests is between 0.1 and 4.0.

3

7. On or about March 29, 2013, Plaintiff, Patrick Callen, underwent a PSA test that revealed an abnormal PSA value of 4.59.

8. On or about October 15, 2013, Plaintiff, Patrick Callen, saw and was treated by Defendant, Sara Syeda, M.D.; however, Dr. Syeda took no action regarding Patrick Cullen's abnormal PSA of 4.59.

9. On or about October 1, 2014, Plaintiff, Patrick Callen, again saw and was treated by Defendant, Sara Syeda, M.D., for a routine evaluation.

10. On or about October 1, 2014, Plaintiff, Patrick Callen, complained of urinary hesitancy. Defendant, Sara Syeda, M.D., ordered an ultrasound of the bladder and the prostate, a CT scan and a general surgery consultation to ascertain whether Plaintiff, Patrick Callen, had a hernia.

11. On or about October 28, 2014, Plaintiff, Patrick Callen, saw Timothy Ross, P.A. and Emanual Manolopoulos, M.D. who ordered a CT scan of the pelvis with contrast due to a history of hernia and of right groin pain.

12. On or about October 28, 2014, Plaintiff, Patrick Callen, underwent the CT scan of his pelvis. The scan was performed by Mouli Chandra, M.D. at Captain James A. Lovell Federal Health Care Center.

13. On or about October 28, 2014, Plaintiff, Patrick Callen, also underwent a prostatic ultrasound. The ultrasound was performed by Piyush Vyas, M.D. at Captain James A. Lovell Federal Health Care Center.

14. On or about October 28, 2014, the ultrasound showed an "enlarged prostate gland with inhomogeneous echo patter with incomplete voiding." The report indicated "ABNORMALITY, ATTN. NEEDED."

15. At this time, Plaintiff's, Patrick Callen, PSA was 6.18.

16. On or about October 29, 2014, Defendant, Sara Syeda, M.D., called Plaintiff, Patrick Callen, and spoke with his wife, Plaintiff, Sandra Callen. Dr. Syeda informed Sandra Callen, among other things, that Patrick Callen's PSA was borderline high and that the ultrasound was interpreted as showing "BPII and calcification." Dr. Syeda prescribed Flomax and requested that Patrick Callen repeat the PSA in six months.

17. A PSA of 6.18 is not borderline; but clearly well above the normal range.

18. On or about November 18, 2014, Plaintiff, Patrick Callen, saw Jared Bernard, M.D., for a surgical consultation. Dr. Bernard reviewed the results of the CT scan and saw no evidence of a hernia.

19. On or about April 13, 2015, Plaintiff, Patrick Callen again saw and was treated by Defendant, Sara Syeda, M.D., for a rash and possible rectal bleeding. On this visit, Dr. Syeda did not order a repeat PSA.

20. On or about May 7, 2015, Plaintiff, Patrick Callen again saw and was treated by Defendant, Sara Syeda, M.D., for persistent rectal/perianal pain and for shooting pain into his right groin.

21. On or about May 7, 2015, Plaintiff, Patrick Callen, was diagnosed with non-specific urogenital pain and dermatitis. A kidney ultrasound was ordered. A PSA test was also ordered, which showed that Patrick Callen's PSA was 8.14.

22. On or about June 2, 2015, Defendant, Sara Syeda, M.D., called Plaintiff, Patrick Callen, to advise him that the ultrasound of his kidneys and the CT of his pelvis were within the normal limits. Dr. Syeda further advised Patrick Callen that the ultrasound of the prostate/bladder showed "mild prostate enlargement without any other acute findings."

5

23. On or about June 2, 2015, Defendant, Sara Syeda, M.D., knew or should have known that Plaintiff's, Patrick Callen, PSA of Mary 7, 2015 was 8.14. However, Dr. Syeda did not order a repeat PSA.

24. On or about January 23, 2016, Plaintiff, Patrick Callen, was treated at Captain James A. Lovell Federal Health Care Center wherein a PSA test was performed. At this visit, Patrick Callen's PSA was 10.5.

25. On or about January 28, 2016, Plaintiff, Patrick Callen, saw Defendant, Sara Syeda, M.D., at Captain James A. Lovell Federal Care Center and complained of frank hematuria as well as lower back pain and flank pain. Dr. Syeda referred Patrick Callen to an urologist for a follow-up.

26. On or about February 5, 2016, Plaintiff, Patrick Callen again saw and was treated by Defendant, Sara Syeda, M.D., at Captain James A. Lovell Federal Health Care Center.

27. On or about February 22, 2016, Plaintiff, Patrick Callen, saw and was treated by urologist, Dr. Irving Garlovsky. Dr. Garlovsky recommended a biopsy of the prostate.

28. On or about February 29, 2016, Plaintiff, Patrick Callen, saw and was treated by Dr. Michael Smirnov, for among other things, pain in the right flank.

29. On or about February 29, 2016, Plaintiff, Patrick Callen, underwent a CT of his pelvis.

30. On or about March 18, 2016, Plaintiff, Patrick Callen, underwent a biopsy of his prostate and bladder. Dr. Garlovsky performed the biopsy.

31. On or about March 22, 2016, Lynn Beach, M.D., a pathologist at Captain James A. Lovell Federal Health Care Center, reviewed the biopsy specimens from the March 18, 2016 biopsy and concluded that Patrick Callen had prostatic adenocarcinoma.

32. On or about May 25, 2016, Plaintiff, Patrick Callen, underwent a radical prostatectomy for prostate cancer.

## COUNT I
## NEGLIGENCE AGAINST THE UNITED STATES OF AMERICA

1. Plaintiff, Patrick Callen, re-alleges and incorporates Paragraphs 1 through 32 as Paragraphs 1 through 32 of Count I.

33. That at all times pertinent hereto, the Defendant, The United States of America, owed to Plaintiff, Patrick Callen, the duty to use reasonable care in its provision of care and treatment. At all times pertinent hereto, the Defendant, through its employees, agents, and/or representatives, owed Plaintiff, Patrick Callen, the duty to exercise due care and caution in the examination, diagnosis and treatment of Plaintiff, Patrick Callen.

34. That at all times pertinent hereto, the Defendant, Sara Seyda, M.D. was a medical doctor practicing at Captain James A. Lovell Federal Health Care Center located in North Chicago, Lake County, State of Illinois.

35. That at all times pertinent hereto, Captain James A. Lovell Federal Health Care Center was owned, operated, managed, maintained and/or controlled by the United States Department of Veteran Affairs, wherein it treated persons requiring medical care.

36. That on or about October 31, 2008, Plaintiff, Patrick Callen, came under the care of Defendant, Sara Syeda, M.D., for the care of, among other things, periodic PSA tests to screen for prostate cancer at Captain James A. Lovell Federal Heath Care Center.

37. That on or about October 31, 2008, Defendant, Sara Syeda, M.D. accepted the Plaintiff, Patrick Callen, as a patient and agreed to render competent and adequate medical care.

38. That at all times relevant, the Defendant, Sara Syeda, M.D. was an employee of

7

Defendant, The United States of America.

39. That at all times relevant, the Defendant, Sara Syeda, M.D., was an agent or apparent agent of Defendant, The United States of America.

40. That at all times relevant, the Defendant, Sara Syeda, M.D., was under the control of Defendant, The United States of America.

41. That at all times mentioned herein, it became and was the duty of the Defendant, The United States of America, to exercise due care and caution in the examination, diagnosis and treatment of Plaintiff, Patrick Callen.

42. Not regarding this duty, the employees, agents, and/or representatives of the Defendant, The United States of America, was guilty of one or more of the following careless and negligent acts or omissions in the examination, diagnosis and treatment of Plaintiff, Patrick Callen:

> a. Failed to properly diagnose Patrick Callen's medical condition.
>
> b. Failed to properly treat Patrick Callen's medical condition.
>
> c. Failed to perform follow-up on elevated PSA levels, over 4.0.
>
> d. Failed to refer Patrick Callen to an urologist or other physician when the ultrasound report indicated the existence of an "enlarged prostate gland with inhomogeneous echo patter with incomplete voiding"
>
> c. Failed to refer Patrick Callen to an urologist or other physician when another physician's recommendation when the physician reported "ABNORMALITY, ATTN. NEEDED."
>
> f. Failed to Patrick Callen to an urologist or other physician when PSA was elevated.

8

g. Was otherwise careless and negligent in treating Patrick Callen.

43. As a direct and proximate result of the aforesaid careless and negligent acts or omissions of the employees, agents and/or representatives of the Defendant, The United States of America, the Plaintiff, Patrick Callen, suffered injuries of personal and pecuniary nature, including but not limited to, serious and permanent physical and emotional injuries, causing him to experience physical and emotional pain and suffering, to lose income and the ability to earn income, and to incur substantial expenses for necessary and reasonable medical care and treatment, and will continue to suffer these damages into the future.

Wherefore, Plaintiff, Patrick Callen, requests that the Court enter judgment in favor of Plaintiff, Patrick Callen, and against Defendant, The United States of America, award compensatory damages against Defendant in the amount to be determined by the court to fully and fairly compensate Plaintiffs for all damages sustained and award Plaintiff attorney's fees and costs.

## COUNT II
## NEGLIGENCE AGAINST SARA SYEDA, M.D.

1. Plaintiff, Patrick Callen, re-alleges and incorporates Paragraphs 1 through 37 of Count I as Paragraphs 1 through 37 of Count II.

38. At all times relevant, the Defendant, Sara Syeda, M.D., was a physician licensed to practice medicine in Illinois.

39. At all times relevant, the Defendant, Sara Syeda, M.D., held herself out as a qualified physician.

40. At all times relevant, The United States of America managed, maintained, controlled and operated a hospital known as Captain James A. Lovell Health Care Center.

41. That on or about October 31, 2008, Plaintiff, Patrick Callen, came under the care

9

of Sara Syeda, M.D., for the care of, among other things, periodic PSA tests to screen for prostate cancer at Captain James A. Lovell Federal Heath Care Center.

42. That on or about October 31, 2008, Defendant, Sara Syeda, M.D., accepted the Plaintiff, Patrick Callen, as a patient and agreed to render competent and adequate medical care.

43. That at all times mentioned herein, it became and was the duty of the Defendant, Sara Syeda, M.D., to exercise due care and caution in the examination, diagnosis and treatment of Plaintiff, Patrick Callen.

44. Not regarding this duty, the employees, agents, and/or representatives of the Defendant, Sara Syeda, M.D., was guilty of one or more of the following careless and negligent acts or omissions in the examination, diagnosis and treatment of Plaintiff, Patrick Callen:

> a. Failed to properly diagnose Patrick Callen's medical condition.
>
> b. Failed to properly treat Patrick Callen's medical condition.
>
> c. Failed to perform follow-up on elevated PSA levels, over 4.0.
>
> d. Failed to refer Patrick Callen to an urologist or other physician when the ultrasound report indicated the existence of an "enlarged prostate gland with inhomogeneous echo patter with incomplete voiding"
>
> e. Failed to refer Patrick Callen to an urologist or other physician when another physician's recommendation when the physician reported "ABNORMALITY, ATTN. NEEDED."
>
> f. Failed to refer Patrick Callen to an urologist or other physician when the PSA was elevated.

10

g. Was otherwise careless and negligent in treating Patrick Callen.

45. As a direct and proximate result of the aforesaid careless and negligent acts or omissions of the employees, agents and/or representatives of the Defendant, The United States of America, the Plaintiff, Patrick Callen, suffered injuries of personal and pecuniary nature, including but not limited to, serious and permanent physical and emotional injuries, causing him to experience physical and emotional pain and suffering, to lose income and the ability to earn income, and to incur substantial expenses for necessary and reasonable medical care and treatment, and will continue to suffer these damages into the future.

Wherefore, Plaintiff, Patrick Callen, requests that the Court enter judgment in favor of Plaintiff, Patrick Callen, and against Defendant, Sara Syeda, M.D., award compensatory damages against Defendant in the amount to be determined by the court to fully and fairly compensate Plaintiffs for all damages sustained, and award Plaintiff attorney's fees and costs.

## COUNT III
## LOSS OF CONSORTIUM AGAINST THE UNITED STATES OF AMERICA

1. Plaintiff, Sandra Callen, re-alleges and incorporates Paragraphs 1 through 37 of Count I as Paragraphs 1 through 37 of Count III.

38. That at all times pertinent hereto, the Plaintiff, Sandra Callen, was, and is, the wife of the Plaintiff, Patrick Callen.

39. As a direct and proximate result of the injuries suffered by the Plaintiff, Patrick Callen, the Plaintiff, Sandra Callen, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the Plaintiff, Patrick Callen.

Wherefore, Plaintiff, Sandra Callen, requests that the Court enter judgment in favor

11

of Plaintiff, Sandra Callen, and against Defendant, Sara Syeda, M.D., award compensatory damages against Defendant, in the amount to be determined by the court to fully and fairly compensate Plaintiffs for all damages sustained, and award Plaintiff attorney's fees and costs.

## COUNT IV
## LOSS OF CONSCORTIUM AGAINST SARA SYEDA, M.D.

1. Plaintiff, Sandra Callen, re-alleges and incorporates Paragraphs 1 through 45 of Count II as Paragraphs 1 through 45 of Count IV.

46. That at all times pertinent hereto, the Plaintiff, Sandra Callen, was, and is, the wife of the Plaintiff, Patrick Callen.

47. As a direct and proximate result of the injuries suffered by the Plaintiff, Patrick Callen, the Plaintiff, Sandra Callen, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the Plaintiff, Patrick Callen.

Wherefore, Plaintiff, Sandra Callen, requests that the Court enter judgment in favor of Plaintiff, Sandra Callen, and against Defendant, Sara Syeda, M.D., award compensatory damages against Defendant, in the amount to be determined by the court to fully and fairly compensate Plaintiffs for all damages sustained, and award Plaintiff attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Patrick Callen and Sandra Callen, request that the Defendants be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the Plaintiffs have judgment against the Defendants, for the amount of actual damages; and for such other and different amounts as

12

they shall show be proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled and to which the Court believes them to deserve.

Respectfully submitted,

Nicholas V. Loizzi
Attorney for the plaintiff

Loizzi Law Offices, LLC
Attorney for Plaintiffs
218 North Jefferson Street, Suite 400
Chicago, Illinois 60661
Phone: (312) 649-3737
Fax: (312) 234-9942
nloizzi@loizzilaw.com
Attorney No. 6210688

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATRICK CALLEN & SANDRA CALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| and SARA SYEDA, M.D., | ) |
| | ) |
| Defendant. | ) |

### DAMAGES AFFIDAVIT

I, NICHOLAS V. LOIZZI being first sworn on oath, state:

1. I am a partner in the law firm of LOIZZI LAW OFFICES, LLC, 218 N. Jefferson St. Ste. 400 Chicago IL 60661, and am in charge of preparation and trial of the above-entitled matter.

2. Pursuant to Supreme Court Rule 222(b), the total money damages to be sought by Plaintiff exceeds FIFTY THOUSAND DOLLARS ($50,000).

FURTHER, YOUR AFFIANT SAYETH NOT.

_____
Attorney for the plaintiff

LOIZZI LAW OFFICES, LLC.
218 N. Jefferson St. Ste. 400
Chicago Il. 60661
312-649-3737, 312-234-9942 fax
nloizzi@loizzilaw.com
Attorney No. 6210688

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PATRICK CALLEN & SANDRA CALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )    No. |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| and SARA SYEDA, M.D., | ) |
| | ) |
| Defendant. | ) |

# AFFIDAVIT

YOUR AFFIANT, Nicholas Loizzi, attorney for the plaintiff herein, Patrick Callen and Sandra Callen, being first duly sworn, deposes and states that:

1.     I am the attorney for the plaintiff herein.

2.     I have consulted and reviewed the facts surrounding the facts of this case with a health professional licensed to practice medicine in all its branches, whom I reasonably believe is knowledgeable in the relevant issues involved in the particular action, who has practiced within the last six years in the same area of medicine that is at issue herein and that I believe the health care professional is qualified by experience or demonstrated competence in the subject matter of the case.

3.     That the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for filing such action.

4.     That I have concluded, on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing this action. A true and correct copy of the report of the reviewing physician is attached hereto.

Nicholas V. Loizzi

Attorney Code: 6210688
Loizzi Law Offices, LLC
Attorney for Plaintiffs
218 North Jefferson Street, Suite 400
Chicago, Illinois 60661
Phone: (312) 649-3737 / Fax: (312) 234-9942
nloizzi@loizzilaw.com

Date: January 9, 2018

## MEDICAL REPORT AS TO DR. SARA SYEDA and CAPTAIN JAMES LOVELL HEALTH CARE CENTER AND THE UNITED STATES OF AMERICA

I am a licensed medical doctor. I am a board certified by the American Board of Internal Medicine. I have practiced within the last 6 years within the same area of health care or medicine that is at issue in the above-captioned case. I am knowledgeable in the relevant issues involved in this particular action and qualified by experience and demonstrated competence in the subject of the case.

During my years of practice, I have diagnosed numerous patients with elevated PSA levels as well as prostate cancer.

I have formed opinions about this case, which are based upon my education, training and experience as a doctor of internal medicine. All opinions recited herein are given to a reasonable degree of medical certainty.

### Materials Reviewed

1. Records from James A. Lovell Federal Health Care Center
2. Records Loyola Medical Center
3. Records Hines VA
4. Various treating physician records including but not limited to Dr. Irving Garlovsky, Dr. Michael Smirnov, Dr. Lynn Beach.

### Facts

On March 21, 2008, Patrick Callen was a patient at Veterans Administration and specifically of the Captain James Lovell Federal Health Care Center in North Chicago, Illinois, an agency of the United States of America. Between October 31, 2008 until March 16, 2016, Patrick Callen was a patient of Dr. Sara Syeda at Captain James Lovell Federal Health Care Center. Between March 16, 2009 and March 16, 2016, the physicians at Captain James Lovell Federal Health Care Center, including Dr. Sara Syeda, ordered periodic PSA tests to screen for prostate cancer. The records reveal the following additional facts:

On approximately March 29, 2013, Patrick Callen underwent a PSA test, which revealed an abnormal value of 4.59. Normal range is considered to be between .1 and 4.0.

On approximately October 15, 2013 Patrick Callen was seen and treated by Dr. Sara Syeda. Apparently, no action was taken on the abnormal PSA result (4.59) of March 29, 2013.

On approximately October 1, 2014 Patrick Callen was seen and treated by Dr. Sara Syeda for a routine evaluation. Mr. Callen complained of urinary hesitancy. Dr. Syeda ordered an Ultrasound of bladder and prostate, a CT scan and a general surgery consultation to ascertain whether Mr. Callen had hernia.

On or about October 28, 2014, Mr. Callen saw Timothy Ross, PA and Dr. Emanual Manolopoulos who also ordered a CT scan of pelvis with infusion due to a history of hernia and "right groin pain." The CT scan was performed on October 28, 2014, by Dr. Mouli Chandra at Captain James Lovell Federal Health Care Center. On October 28, 2014, Mr. Callen also underwent an ultrasound. The ultrasound was performed by Dr. Piyush Vyas at Captain James Lovell Federal Health Care Center.

The ultrasound of October 28, 2014 was read as abnormal as showing "enlarged prostate gland with inhomogeneous echo patter with incomplete voiding. The report indicates "ABNORMALITY, ATTN. NEEDED"

On October 29, 2014, Dr. Syeda, called Patrick Callen and spoke to his wife Sandy Callen and informed her of, among other things, that Patrick's PSA was borderline high and that the ultrasound was interpreted as showing "BPH and calcification." Dr. Syeda offered a prescription for Flomax. Dr. Syeda requested that PSA be repeated in 6 months. In fact the PSA was 6.18, which is not borderline high, but rather clearly high.

On November 18, 2014 Patrick Callen was seen by Dr. Jared Bernard for surgery consultations who reviewed the results of the CT and saw no evidence of hernia

On April 3, 2015 Patrick Callen again visited and was treated by Dr. Sara Syeda for a rash and possible rectal bleeding. No repeat PSA was ordered by Dr. Syeda on this visit as she requested on October 29, 2014.

On May 7, 2015 Patrick Callen was seen by Dr. Sara Syeda for persistent rectal/perianal pain and for shooting pain into the right groin. Mr. Callen was diagnosed with non-specific urogenital pain and dermatitis. A kidney ultrasound was ordered. A PSA test was ordered which showed that Mr. Callen's PSA had risen to 8.14.

On June 2, 2015 Dr. Sara Syeda called Patrick Callen to advise him that the ultrasound of the kidneys were within normal limits as well as the CT of the pelvis. Dr. Sara Syeda

2

advised Mr. Callen that the ultrasound of the prostate/bladder showed "mild prostate enlargement w/o any other acute findings." On this date, Dr. Syeda knew or should have known, that the PSA on May 7, 2015, was 8.14, yet she failed to either order a repeat PSA or refer Mr. Callen to a urologist.

On or about January 23, 2016, Patrick Callen was seen and treated at James Lovell Federal Health Care Center wherein a PSA test was done. Mr. Callen's PSA value on this visit was 10.5.

On or about January 28, 2016, Patrick Callen was seen and treated by Dr. Sara Syeda at James Lovell Federal Health Care Center. At that time Mr. Callen complained of frank hematuria as well as lower back pain and flank pain. Dr. Syeda referred Mr. Callen to a urologist for follow up.

On or about February 5, 2016, Patrick Callen was seen and treated by Dr. Sara Syeda at James Lovell Federal Health Care Center.

On or about February 22, 2016, Patrick Callen was seen and treated by a urologist named Dr. Irving Garlovsky. Dr. Garlovsky recommended a biopsy of the prostate.

On or about February 29, 2016, Patrick Callen was seen and treated by Dr. Michael Smirnov for among other things, pain in the right flank.

On or about February 29, 2016, Patrick Callen underwent a CT of the pelvis

On or about March 18, 2016, Patrick Callen underwent a biopsy of his prostate and bladder. The biopsy was done by Dr. Garlovsky.

On March 22, 2016, Dr. Lynn Beach, a pathologist at James Lovell Federal Health Care Center, reviewed the biopsy specimen from the March 18, 2016 biopsy and concluded that Mr. Callen had prostatic adenocarcinoma.

On May, 25, 2016, Patrick Callen underwent a radical prostatectomy for high-risk prostate cancer.

## The Applicable Standard of Care

The standard of care for an internist such as Dr. Syeda, in treating a patient such as Mr. Callen, between October 31, 2008 (Date Dr. Syeda first began treating Mr. Callen) and March 22, 2016 (Date Mr. Callen was diagnosed with prostatic adenocarcinoma) required

3

the internist to follow up on elevated PSA results, over 4.0, and refer the patient to a urologist.

The standard of care further required the internist to follow up on, and refer the patient to a urologist when the PSA test was elevated on October 28, 2014, May 7, 2015 and on January 23, 2016.

The standard of care also required the internist to follow up on refer the patient to a urologist when an ultrasound report indicated the existence of an "enlarged prostate gland with inhomogeneous echo patter with incomplete voiding," with the additional notations stating "ABNORMALITY, ATTN. NEEDED."

The standard of care does not allow the internist to ignore rising PSA levels in a patient. Nor standard of care require that a physician ignore the recommendation for follow up from a physician performing an ultrasound of the prostate when the physician reports "ABNORMALITY, ATTN. NEEDED."

## Deviations from the Standard of Care

It is my opinion based upon the records described above, which I have reviewed, that Dr. Sara Syeda violated the applicable standard of care for an internist by not following up on abnormal PSA levels on March 29, 2013, October 28, 2014, May 7, 2015 and on January 23, 2016. Dr. Syeda also violated the standard of care in not referring the patient to a urologist after knowing about Mr. Callen's PSA levels on March 29, 2013, October 28, 2014, May 7, 2015 and on January 23, 2016.

Dr. Syeda also violated the applicable standard of care by failing to follow up or refer Mr. Callen to a urologist on October 28, 2014, when an ultrasound report indicated the existence of an "enlarged prostate gland with inhomogeneous echo patter with incomplete voiding," with the additional notations stating "ABNORMALITY, ATTN. NEEDED."

Lastly, Dr. Syeda violate the applicable standard of care when she ignored or overlooked rising PSA levels in Mr. Callen and ignored or overlooked another physician's recommendation for follow up on an abnormal ultrasound of the prostate when the physician reported "ABNORMALITY, ATTN. NEEDED."

Had Dr. Syeda performed a proper work up, it would have revealed the fact that Mr. Callen had early prostate cancer which with proper care, would not have resulted in metastasis. In all likelihood, Mr. Callen's cancer would not have advanced to the present stage.

## Conclusion

Dr. Syeda failed to meet the applicable standard of care as it applies to an internist in the ways stated above, which resulted in Mr. Callen having advanced prostate cancer.

4

Based upon the foregoing, I have concluded that a reasonable and meritorious basis exists for the filing of a professional negligence action against Sara Syeda, MD and Captain James Lovell Health Care Center and the United States of America.

I reserve the right to modify or add to my report should additional information become available.

5